(Reap. Dec. 11038)

HOUSEHOLD MANUFACTURING CO. *v.* UNITED STATES

Entry No. 52541, etc.

(Decided July 7, 1965)

*Stein & Shostak* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

NICHOLS, Judge: The appeals for reappraisement enumerated on schedule A, attached hereto and made a part hereof, are before me on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the appeals for reappraisement enumerated on the attached Schedule A, attached hereto and made a part hereof, consists of cutlery, etc.

2. That at the time of exportation of the instant merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, ex factory.

3. That the merchandise and issues involved herein are similar in all material respects to those in *Household Mfg. Co.* v. *United States*, 49 Cust. Ct. 482, Reap. Dec. 10393 and that the record in said case may be incorporated with the record herein.

4. That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

5. That the merchandise the subject of the appeals for reappraisement enumerated in the attached Schedule A is not included on the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th

Congress, and that the said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

6. That the appeals for reappraisement enumerated in the attached Schedule A may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts and on the authority of the decision cited, I find and hold that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of value of the merchandise involved herein and that said value is represented by the invoice unit values, ex-factory.

Judgment will be rendered accordingly.